# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:19-CV-00256-MR-DSC

| | |
|---|---|
| HENDERSON OIL COMPANY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELEK US ENERGY INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss First Amended Complaint" (document #8) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, on May 13, 2015, Plaintiff entered into a contract with H & A Enterprises LLC to be the exclusive gasoline supplier for H&A's East Mountain Kwik Mart in Rutherford County. Although the contract contained a ninety-day termination notice, see Exhibit A to First Amended Complaint (document #7), Plaintiff has not alleged that Defendant was aware of the existence or terms of its contract with H&A.

Plaintiff alleges upon information and belief that Defendant was aware of industry standards and practice that gasoline stations maintained exclusive relationships with their distributors. Defendant was aware that the Kwik Mart sold Plaintiff's brand gasoline.

On June 17, 2019, Defendant entered into an exclusive contract with H&A while its contract with Plaintiff "remained in full effect."

On August 1, 2019, Plaintiff filed its Complaint in Buncombe County Superior Court. On August 30, 2019, Defendant removed the state court action to the United States District Court for the Western District of North Carolina alleging diversity subject matter jurisdiction. Removal appears proper.

On September 20, 2019, Plaintiff filed its First Amended Complaint which alleges a single claim for tortious interference with contract.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

To state a claim for tortious interference with contract under North Carolina law, Plaintiff must allege that: (1) a valid contract existed between Plaintiff and H&A; (2) Defendant had knowledge of the contract; (3) Defendant intentionally induced H&A not to perform its contract with Plaintiff; (4) Defendant acted without justification; and (5) Defendant's interference proximately caused Plaintiff actual damages. Peoples Sec. Life Ins. Co. v. Hooks, 367 S.E.2d 647, 649-50 (N.C. 1988); Jones v. American Airlines, Inc., No. 5:08-CV-236-BR, 2008 WL 9411160, at *5 (E.D. N.C. Oct. 16, 2008). Defendant contends that Plaintiff has failed to sufficiently plead the second and fourth elements of its claim.

A defendant "has knowledge of the contract . . . if he knows the facts which give rise to the plaintiff's contractual right against the third person." Childress v. Abeles, 84 S.E.2d 176, 182 (N.C. 1954). See also Charah LLC v. Sequoia Servs. LLC, No. 18-CVS-4815, 2019 WL 1119076, at *5 (N.C. Bus. Ct. Mar. 11, 2019) (general allegations that defendant knew of contract's existence were insufficient to establish a tortious interference claim, but allegation that defendant was provided with a written message informing it of the existence of the contract would suffice).

In order to allege the element of acting without justification, the complaint must show "no motive for interference other than malice." Area Landscaping L.L.C. v. Glaxo-Wellcome Inc., 586 S.E.2d 507, 510 (N.C. App. 2003) (quoting Filmar Racing Inc. v. Stewart, 541 S.E.2d 733, 738 (N.C. App. 2001)).

"Justification imports 'a sufficient lawful reason why a party did or did not do the thing charged, a sufficient lawful reason for acting or failing to act. It connotes just, lawful excuse, and

excludes 'legal malice.'" Childress, 84 S.E.2d at 182. Thus, "the outsider acts without justification in inducing the breach of contract within the purview of the fourth element of the tort if he has no sufficient lawful reason for his conduct." Id.

North Carolina courts have consistently held that "[t]he privilege [to interfere] is conditional or qualified; that is, it is lost if exercised for a wrong purpose. In general, a wrong purpose exists when "the act is done other than as a reasonable and bona fide attempt to protect the interest of the defendant which is involved." Peoples Sec. Life Ins. Co., 367 S.E.2d at 650 (citing Smith v. Ford Motor Co., 221 S.E.2d 282, 294 (N.C. 1976)). "[C]ompetition in business" is a reasonable, bona fide business purpose for interfering with an agreement. Id. (citing Childress, 84 S.E.2d at 182).

Applying those legal principles to the factual allegations in the Amended Complaint, Plaintiff has not sufficiently alleged Defendant's knowledge of its contract with H&A. Conclusory allegations that Defendant was aware of industry practice and knew that the Kwik Mart was selling Plaintiff's brand gasoline are insufficient. Charah LLC, No. 18-CVS-4815, 2019 WL 1119076, at *5.  Plaintiff has not alleged whether H&A terminated its contract or whether Defendant was aware of the ninety-day termination period   Accordingly, Plaintiff has also failed to allege that Defendant acted with malice rather than in legitimate competition.

For those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss First Amended Complaint" (document #8) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel, and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED**.

Signed: December 16, 2019

David S. Cayer
United States Magistrate Judge